IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ASCENT ENERGY, LLC,

    Plaintiff,

v.                                                                                                                    No. CV 21-326 KWR/CG

REACH WIRELINE, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Reach Wireline, LLC's *Motion for Temporary Stay of Proceedings* (the "Motion to Stay"), (Doc. 23), filed July 8, 2021; Plaintiff Ascent Energy, LLC's *Brief in Opposition to Defendant's Motion for Temporary Stay of Proceedings* (the "Response"), (Doc. 27), filed July 22, 2021; and Defendant's *Reply in Support of Temporary Stay of Proceedings* (the "Reply"), (Doc. 28), filed August 5, 2021. In its Motion to Stay, Defendant requests a stay pending resolution of its *Motion to Dismiss for Failure to State a Claim* (the "Motion to Dismiss"), (Doc. 12), filed May 25, 2021. (Doc. 23 at 1). The parties did not request a hearing on the Motion. *See generally* (Doc. 23); (Doc. 27); (Doc. 28). The Court, having considered the Motion, the parties' briefing, the record, and the relevant law, finds the Motion to Stay shall be **DENIED**.

    **I.**    **Procedural Background**

This case involves a Master Services Agreement (the "MSA") under which Defendant agreed to provide to Plaintiff a wireline and other services related to Plaintiff's oil and gas fracking operations. *See* (Doc. 1 at 1-2); (Doc. 27 at 1). Following Defendant's alleged breach of the MSA—namely, providing an allegedly defective

wireline—Plaintiff filed its Complaint on April 9, 2021. (Doc. 1). The Complaint alleges breach of contract and breach of warranties relating to the wireline's failure on September 22, 2020. *Id.* at 1-2.

On May 25, 2021, Defendant filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 12 at 1-2). In the Motion, Defendant contends that the MSA "assign[ed] liability, indemnif[ied], and release[d] claims arising from any loss or damage to a well[,]" and that Plaintiff's claims in the Complaint are thus barred. *Id.* at 2-3.

On July 8, 2021, Defendant filed the instant Motion to Stay.[1] (Doc. 23). Defendant requests a stay pending resolution of its Motion to Dismiss, explaining that it will likely dispose of the case. *Id.* at 2. Defendant contends it would be "unduly burdensome" to proceed with discovery, and "the interests of justice and judicial economy would be best served by temporarily staying proceedings and postponing the necessity for discovery" until after the resolution of its Motion to Dismiss. *Id.*

In response, Plaintiff argues Defendant's "unspoken assumption" is that Defendant's Motion to Dismiss is "certain to be granted and that, thus, any discovery in this matter would be wasteful," but that "assumption has no basis." (Doc. 27 at 2). Plaintiff argues that it will be prejudiced as a result of the delay associated with a stay of discovery inasmuch as "witnesses' recollections of the facts at issue . . . will inevitably fade with the passage of time." *Id.* at 6. In particular, Plaintiff cites witnesses' recollections of "the MSA's negotiation, Reach personnel's knowledge of the degraded

---

[1] On May 26, 2021, the Court entered an Initial Scheduling Order, setting a Telephonic Rule 16 Scheduling Conference for July 20, 2021. (Doc. 15 at 3). However, the Court subsequently vacated this Order following Defendant's filing of the instant Motion to Stay. (Doc. 24). There is thus no discovery schedule yet set in this case. *Id.*

299 U.S. at 254-55). In weighing competing interests, the Court may consider factors such as:

> (1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay;
> (2) the burden on the defendants;
> (3) the convenience to the court;
> (4) the interests of persons not parties to the civil litigation; and
> (5) the public interest.

*Todd v. Montoya*, 1:10-cv-106 JB/KBM, 2011 WL 13286329, at *6 (D.N.M. Jan. 18, 2011) (unpublished) (citations omitted). Recognizing that district courts must exercise moderation in issuing stays, however, the Supreme Court has noted that there are no strict rules for the district court to apply, because "[s]uch a formula . . . is too mechanical and narrow." *Landis*, 299 U.S. at 255.

Moreover, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. "In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983). "The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'" *Id.* at 1484 (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)).

**III.    Analysis**

Defendant contends it would be "unduly burdensome" to proceed with discovery, and "the interests of justice and judicial economy would be best served by temporarily staying proceedings and postponing the necessity for discovery" until after the

resolution of its Motion to Dismiss. (Doc. 23 at 2). However, Plaintiff argues that stays are disfavored for "run of the mill" Rule 12(b)(6) motions to dismiss such as this one, and that Defendant "has failed to identify any unique features of this case to warrant a departure from the general rule that stays are disfavored." (Doc. 27 at 2). Plaintiff further argues that the Court is likely to deny Defendant's Motion to Dismiss, in which case discovery will be necessary, and a stay "will have served no purpose but delay." *Id.* at 3. The Court will address each of the factors listed above.

    A. *Whether there is Prejudice to Plaintiff's Interests Due to Delay*

With regard to the first factor, Defendant concedes and the Court agrees that Plaintiff has an "interest in expedient resolution" of this case. (Doc. 23 at 3). Typically, all plaintiffs do. *Chilcott*, 713 F.2d at 1484. Indeed, Plaintiff contends it has incurred more than $700,000 in costs due to Defendant's alleged conduct, which is a significant sum given Plaintiff's size. (Doc. 27 at 6) ("Ascent is not a large international corporation . . . [A]ny delay directly impacts Ascent's business."). However, Plaintiff fails to show more than a generic interest in speedy resolution of the case, including recovery of allegedly-owed monies. *See id.*

As Defendant highlights, Plaintiff's approach to this litigation appears to bely its claims of urgency. *See* (Doc. 28 at 3). The incident at issue occurred on September 22, 2020, yet Plaintiff did not commence this action until April 9, 2021—nearly seven months later. (Doc. 1 at 1-2). Plaintiff offers no explanation for this delay, and the Court can find nothing in the record. Now, four months into this litigation, Plaintiff "has yet to serve any initial discovery," despite the parties' Rule 26 meet-and-confer held on July 6, 2021. (Doc. 28 at 3).

Plaintiff raises a concern that the memories of witnesses may become stale over time. (Doc. 27 at 6). While the Court understands that certain evidence at issue in this case may be evanescent, Plaintiff has failed to sufficiently identify any special urgency beyond that which is present in a typical civil case. *See*, *e.g.*, *Mestas v. CHW Grp. Inc.*, 1:19-cv-792 MV/CG, 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019) (staying case where non-movant "failed to demonstrate any prejudice he may suffer if the Court stays discovery, other than his assertion that evidence 'may' be spoliated and a 'delay alone is prejudicial.'"). Additionally, Defendant states that it has implemented preservation measures of documents in its possession or control, thereby allaying any possible concern about potential loss of documentary evidence. (Doc. 23 at 3). Thus, the Court finds that this first factor favors staying these proceedings.

### B.  Whether there is a Burden on Defendant in the Absence of a Stay

Turning to the second factor, Defendant contends only that if discovery is allowed to proceed while its Motion to Dismiss is still pending, "Defendant will exhaust time and money in responding [to] discovery which may ultimately be irrelevant." (Doc. 23 at 4). For largely the same reasons that the first factor cut against Plaintiff, this second factor cuts against Defendant. It is not enough, given Defendant's burden, for Defendant to state generally that it will incur unnecessary expenses if a stay is not granted. *Id.* at 2; *see Clinton*, 520 U.S. at 708 ("[t]he proponent of a stay bears the burden of establishing its need."); *see also*, *e.g.*, *Mitchell v. Foremost Ins. Grp.*, 1:17-cv-951 MV/KK, 2017 WL 11451236, at *1 (D.N.M. Dec. 11, 2017) (denying a stay where defendant had not met its burden).

6

The Court agrees with Plaintiff that Defendant has not even *alleged* that the burden it would bear, should discovery be allowed to proceed, is in any way out of the ordinary. Further, Defendant has failed to show that discovery in this case is likely to be unusually complex or burdensome. *See* (Doc. 23); *see also* (Doc. 27 at 7).

Moreover, it is possible that the Motion to Dismiss may be denied, or granted only partially, which may also result in the need for discovery. Even if Defendant's Motion to Dismiss is wholly successful, Defendant may seek to have its costs taxed against Plaintiff, which would mitigate any prejudice it suffers from having to engage in discovery. FED. R. CIV. P. 54(d); *see also Cabrera*, 2021 WL 131460, at *2.

Defendant cites *Mestas v. CHW Grp. Inc.*, 1:19-cv-792 MV/CG, 2019 WL 5549913 (D.N.M. Oct. 28, 2019), as an instance in which this very Court stayed discovery pending a 12(b)(6) motion. There, the Court opined that discovery would become unnecessary if the motion to dismiss were granted, and accordingly found that the second factor favored a stay. *Mestas*, 2019 WL 5549913 at *2. In that case, however, four nearly identical lawsuits had already been dismissed, which is not the situation here. *Id.; see* (Doc. 23). Thus, the second factor favors denying the requested stay.

C.  *The Convenience to the Court of a Stay*

Next, the Court will analyze whether a stay promotes judicial economy and efficiency. The Court has already vacated its Initial Scheduling Order and the scheduled Rule 16 hearing. (Doc. 24). Thus, there is no discovery schedule in this case to disrupt. If the Motion to Dismiss is resolved against Defendant, the Court will simply reissue an Initial Scheduling Order, schedule a Rule 16 hearing, and set a discovery schedule.

*See, e.g., Gilman v. New Mexico*, 1:20-cv-213 KG/SCY, 2020 WL 3489544, at *2 (D.N.M. June 26, 2020) (finding little inconvenience).

However, as Plaintiff contends, discovery stays pending adjudication of motions to dismiss under Rule 12(b)(6) are disfavored, in part because they tend to prolong proceedings. (Doc. 27 at 4, 7); *see New Mexico ex rel. King v. Bank of Am. Corp.*, 1:13-cv-478 MV/LFG, 2013 WL 12328915, at *1 (D.N.M. Oct. 23, 2013) ("a stay of discovery is generally disfavored"). As explained above, the Court is mandated to expedite the ultimate disposition of litigation. *See* 28 U.S.C. § 471; FED. R. CIV. P. 1; *Cabrera*, 2021 WL 131460, at *1. The Court finds that, although a stay would not disrupt the Court's docket, the interests in efficient management of this litigation disfavors a stay of discovery. This factor thus weighs slightly against granting a stay.

   D.  *Third Parties' Interests and the Public Interest*

Finally, the Court will consider the fourth and fifth factors together. The parties appear to agree that the fourth factor is inapplicable,[2] but they disagree about the applicability of the fifth factor to this case. Defendant contends that these factors are not relevant to the Court's decision, as the case concerns a contractual dispute between private businesses, and there are thus "no third-parties nor is the public interest at issue." (Doc. 23 at 4). Plaintiff, on the other hand, argues that there is a strong public policy against "permitting parties to escape liability for their own negligence in connection with oil and gas operations in New Mexico," and that Defendant's alleged conduct potentially endangered personnel. (Doc. 27 at 7-8). Plaintiff also argues that granting a stay upon the filing of any Rule 12(b)(6) motion, as opposed to solely motions

---

[2] Neither party alleges that a third party would be inconvenienced either by a stay or by discovery proceeding. *See* (Doc. 23 at 4); (Doc. 28); (Doc. 27 at 8).

to dismiss that attack the Court's jurisdiction or motions for summary judgment which raise qualified immunity, would be contrary to the disfavored status of stays. *Id.* at 5 (citing *New Mexico ex rel. King*, 2013 WL 12328915, at *3).

The Court agrees with Plaintiff that the fifth factor—the public interest—is relevant here. Courts do routinely stay discovery for summary judgment motions on the basis of qualified immunity, and for motions to dismiss on jurisdictional grounds. *See, e.g.*, *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) ("a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery"); *Lewis v. New Mexico Dep't of Health*, 6:99-cv-21 MV/WWD, 2000 WL 36739915, at *3 (D.N.M. May 9, 2000) (staying case where defendants' appeal divested court of jurisdiction). As a public policy, however, stays pending resolution of 12(b)(6) motions are the exception in this District, not the rule. *See New Mexico ex rel. King*, 2013 WL 12328915, at *1 ("a stay of discovery is generally disfavored"); *Todd*, 2011 WL 13286329, at *4 ("district courts in the Tenth Circuit do not routinely grant stays"). Granting stays pending resolution of typical 12(b)(6) motions could, for instance, incentivize the filing of such motions as a strategy for bringing litigation to a halt.

The Court therefore finds, given the policy reasons for staying proceedings upon the filing of certain motions and against staying proceedings upon the filing of other, more garden-variety motions, that denial of a stay in this matter is in the public interest. *See Mestas*, 2019 WL 5549913, at *2. As such, this factor weighs against staying discovery here.

In sum, the Court finds that, on balance, the foregoing factors weigh against granting Defendant's Motion to Stay Discovery. Therefore, the Court will **DENY** Defendants' Motion to Stay.

IV. Conclusion

For the reasons stated above, the Court will not stay discovery pending a ruling on Defendant's Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendant Reach Wireline, LLC's *Motion for Temporary Stay of Proceedings*, (Doc. 23), is **DENIED**. The Court will separately enter an Amended Initial Scheduling Order.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE