**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ASCENT ENERGY, LLC,

      Plaintiff,

v.                                  No. CV 21-326 KWR/CG

REACH WIRELINE, LLC,

      Defendant.

## ORDER GRANTING MOTION FOR STIPULATED PROTECTIVE ORDER

**THIS MATTER** is before the Court on the parties' *Stipulated Motion for Entry of Protective Order* (the "Motion"), (Doc. 47), filed October 28, 2021. The Court, having reviewed the Motion and noting it was filed jointly by Plaintiff Ascent Energy, LLC ("Ascent") and Defendant Reach Wireline, LLC ("Reach"), finds the Motion is well-taken and shall be **GRANTED**.

**IT IS THEREFORE ORDERED** that:

1.      Ascent and Reach (collectively, "Parties" or individually, "Party") may be asked or required to disclose certain information during the course of the lawsuit captioned *Ascent Energy, LLC v. Reach Wireline, LLC*, Case No. CV 21-326 KWR/CG (the "Lawsuit") that is entitled to protection under Fed. R. Civ. P. 26(c).

2.      "Confidential Information" means confidential and proprietary commercial information, trade secrets, confidential and proprietary technological and financial information, other such information in accordance with Fed. R. Civ. P. 26(c), and other information required by law or agreement to be kept confidential that a Party (the "Designating Party") furnishes to another Party (the "Receiving Party") in the course of

this Lawsuit and in good faith designates as Confidential Information pursuant to Paragraph 4 below.

3.      The protections conferred by this Order cover not only material designated as Confidential Information (as defined above), but also (1) any information copied or extracted from materials designated as Confidential Information; (2) all copies, excerpts, summaries, or compilations of materials designated as Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information. However, the protections conferred by this Stipulation and Order do not cover: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.      Where Confidential Information is produced, provided, or otherwise disclosed by a Designating Party, it will be designated in the following manner:

> a.      by imprinting the word "CONFIDENTIAL" on at least the first page or cover of any transcript or document produced;
>
> b.      by imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; or
>
> c.      for information produced in some form other than documentary and for any other tangible items, the Designating Party will affix in a prominent

place on the exterior of the container or containers in which the

information or item is stored the legend "CONFIDENTIAL."

5.     An inadvertent failure to designate Confidential Information or items does

not, standing alone, waive the Designating Party's right to secure protection under this

Order for such material. If a Party inadvertently discloses Confidential Information

without the proper designation, the Party may substitute the inadvertently disclosed

information with properly designated Confidential Information. The Receiving Party shall

within ten (10) business days of notice of the inadvertent disclosure and receipt of the

properly designated Confidential Information use reasonable efforts to retrieve and

destroy all previously disclosed or obtained copies of the inadvertently disclosed

Confidential Information.

6.     Parties receiving Confidential Information may disclose it only to the

following recipients (the "Recipients"):

     a.     any person who was the author, addressee, or intended or

authorized recipient of the Confidential Information;

     b.     in-house attorneys and their legal departments, outside attorneys of

record for the Parties, and members and employees of law firms of record

who are involved in the prosecution or defense of this Lawsuit;

     c.     Party employees to whom disclosure is reasonably necessary to

assist in the prosecution or defense of this Lawsuit;

     d.     non-retained experts or former Party employees who (1) either

personally or by virtue of their position have a reasonable relation to the

facts or issues being litigated in the Lawsuit and (2) agree in writing to be

bound by the terms of this Order by signing the Acknowledgement attached hereto as Exhibit A;

e.      outside experts, consultants, and mediators retained by the Parties for the purpose of assisting in this Lawsuit, including their staff whose review of the Confidential Information is reasonably necessary to assist in the prosecution or defense of this Lawsuit;

f.      privately retained court reporters, videographers, or transcribers performing work in this Lawsuit;

g.      a deponent or a witness during his or her deposition or testimony in this Lawsuit, but only on the following terms: (1) the Confidential Information may be shown to the deponent or the witness only during the deposition, examination, or testimony, and must be reasonably related to a legitimate line of questioning of the deponent or the witness given the deponent's or the witness's qualifications and knowledge; and (2) only the deponent or the witness, his or her counsel, and other authorized persons identified in this Paragraph 6 are present at the deposition;

h.      any person to whom the parties agree in writing; or

i.      the Court and the Court's personnel.

7.      Parties or Recipients receiving Confidential Information shall:

a.      hold the Confidential Information contained therein in strict confidence;

b.      not disclose the Confidential Information except as permitted under this Order;

c.      use the Confidential Information only in the prosecution, defense, or settlement of this Lawsuit; and

d.      maintain the Confidential Information in a manner reasonably designed to prevent its unauthorized disclosure.

8.      Recipients of Confidential Information described in Paragraphs 6(a)-(i) shall be advised of the terms of this Order.

9.      A Receiving Party may challenge a Designating Party's designation of information or documents as CONFIDENTIAL by providing written notice to counsel for the Designating Party of the documents being challenged and the basis for the challenge within 30 days of receiving the information designated as CONFIDENTIAL. If the Designating Party does not agree to withdraw the designation, the challenge may be raised with the Court. The Parties agree to meet and confer to try to resolve the dispute before presenting the dispute to the Court. The Designating Party bears the burden of justifying the "CONFIDENTIAL" designation. The Court is empowered to determine whether the "CONFIDENTIAL" designation applies. The "CONFIDENTIAL" designation shall be maintained until the Court issues a ruling, orally or in writing.

10.      All deposition testimony discussing the substance of Confidential Information shall be deemed and designated as CONFIDENTIAL on the record by the Parties or within twenty-one (21) days of receipt of the deposition transcript by written notice to counsel. The portions of the deposition transcript so designated shall not be utilized or disclosed by the Parties except in accordance with the terms of this Order.

11.      If Confidential Information is to be referenced in or filed as attachments to motions or other submissions to the Court, all documents containing Confidential

Information shall be designated as CONFIDENTIAL and filed under seal (i.e., in such a way that only the Parties and the Court can access the Confidential Information).

12.     If any Party receives a subpoena or document request from a non-party to this Order seeking production or other disclosure of Confidential Information, the Party upon whom discovery is served shall give written notice to counsel for the Designating Party within five (5) business days, enclosing a copy of the subpoena or document request. Subject to the duty to comply with such subpoena or document request, no production or disclosure of the Confidential Information shall be made until counsel for the Designating Party has received a reasonable opportunity to consider or respond to the subpoena or document request.

13.     Nothing contained in this Order shall prevent the disclosure of the Confidential Information by:

        a.      the Designating Party of its Confidential Information; or

        b.      Court order, after notice to the Parties.

14.     Nothing contained in this Order shall constitute a waiver:

        a.      by any person or Party of any right to object or to seek a further protective order with respect to any discovery request in this Lawsuit or any other action; or

        b.      of any claim of immunity or privilege with regard to any testimony or production request.

15.     Upon the conclusion of this Lawsuit, within 30 days of a written request of the Designating Party, the Receiving Party shall either return all Confidential Information to the Designating Party or destroy all materials in its possession that have been

designated as Confidential Information. This paragraph shall not be construed to require the return or destruction of any documents or materials that by law must be maintained for tax or business record-keeping purposes, Court papers or exhibits, deposition transcripts or exhibits, regularly maintained litigation files, or other attorney work product created for any Party. Any material designated as Confidential Information, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Order. Additionally, any Party who disclosed the Confidential Information to any Recipient pursuant to Paragraph 6 above shall direct the Recipient to destroy the Confidential Information and any and all copies or portions thereof in the Recipient's possession, custody, or control.

16.     After termination of this Lawsuit, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and Recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this Lawsuit.

17.     Any Party learning that, by inadvertence or otherwise, he or she has disclosed Confidential Information to any person or in any circumstance not authorized under this Order shall immediately, at his or her expense:

        a.     notify the Designating Party of the unauthorized disclosure;

        b.     retrieve or recall the unauthorized copies of the Confidential Information;

        c.     inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

      d.     request such person or persons to execute the Acknowledgement attached hereto as Exhibit A.

18.     Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

19.     By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: October 28, 2021

**DAVIS GRAHAM & STUBBS LLP**                    **HINKLE SHANOR LLP**


 /s/ Daniel A. Richards                            /s/ Ann Cox Tripp
Mark Champoux (*pro hac vice*)              Richard E. Olson
Daniel A. Richards (*pro hac vice*)         Ann Cox Tripp
1550 17th Street, Suite 500                 P.O. Box 10
Denver, Colorado, 80202                     Roswell, NM 88202-0010
Telephone: 303.892.9400                     575-622-6510/ 575-623-9332 Fax
Facsimile: 303.893.1379                     rolson@hinklelawfirm.com
mark.champoux@dgslaw.com                    atripp@hinklelawfirm.com
daniel.richards@dgslaw.com
                                            *Attorneys for Defendant Reach Wireline,*
Kathryn Brack Morrow                        *LLC*
MANN MORROW, PLLC
665 E. University Ave., Suite C
Las Cruces, NM 88005
Telephone: 575.440.0300
Facsimile: 915.271.8950
katy.morrow@mannmorrow.com

*Attorneys for Plaintiff Ascent Energy, LLC*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ASCENT ENERGY, LLC**

       **Plaintiff,**

v.                                          No. CV 21-326 KWR/CG

**REACH WIRELINE, LLC**

       **Defendant**.

---

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

---

I, _____, acknowledge that I have read and understand the Stipulated Protective Order (the "Order") entered in this action. I agree that I will not disclose any Confidential Information (as defined in the Order) produced in this litigation to anyone other than for purposes of this litigation and except in a manner provided for in the Order. At the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of New Mexico for the purpose of any issue or dispute arising under the Order and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Date:_____

_____
Signature