IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ASCENT ENERGY, LLC,<br>  Plaintiff,<br><br>v.<br><br>REACH WIRELINE, LLC<br>  Defendant. | §<br>§<br>§<br>§<br>§  Cause No. 2:21-CV00326 KWR/CG<br>§<br>§<br>§ |

**AGREED PROTECTIVE ORDER FOR NON-PARTY**
**SCHLUMBERGER TECHNOLOGY CORPORATION'S RECORDS**

Defendant Reach Wireline, LLC ("Reach") served non-party Schlumberger Technology Corporation ("STC") with a Subpoena for Documents ("Subpoena") on October 20, 2021. Certain records responsive to Reach's Subpoena contain sensitive confidential, proprietary, and valuable trade secrets and information, the disclosure of which could be harmful to STC's business and affect its competitiveness. Accordingly, the following procedures in this Protective Order shall govern the production of all documents, discovery responses, and other items by STC in response to this Subpoena:

**Protective Order**

1. This Protective Order shall apply to information, documents, excerpts from documents, and other materials produced in this action pursuant to Federal Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents, and other materials may be designated by STC as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Materials so designated are referred to herein collectively as "Confidential Information." This Order shall apply to Confidential Information produced by STC in this action.

3. STC will make such a designation only for those documents or discovery responses that

are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information. Materials labelled "Confidential" shall contain one or more of the following: (i) information that provides a competitive advantage over others who do not possess such information, (ii) private or personal information which STC would not normally reveal to third parties except in confidence, or (iii) information which STC has undertaken with others to maintain in confidence. Confidential Information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Confidential Information. Materials labelled "Highly Confidential" contain proprietary information, trade secrets, or competitive or commercial information of such a sensitive nature that disclosure to Parties or employees or officers of such other Parties would cause competitive injury. Highly Confidential information includes any data, summary, abstract, compilation, or information obtained, derived, or generated from Highly Confidential Information.

4. Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

    a. Reach and Ascent Energy, LLC ("the Parties"), their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    b. Outside counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    c. In-house counsel for the Parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

    d. Persons employed or retained by any Party or by counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to

      experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

  e. The Court or persons employed by the Court, including the jury;

  f. Duly qualified court reporters and videographers participating in these proceedings;

  g. Persons who were the authors or recipients of the documents in the ordinary course of business;

  h. Witnesses in preparation for or in the course of depositions or the trial of this matter;

  i. Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation of the Parties;

  j. Mediators selected by the Parties or Court to mediate this lawsuit; and

  k. Testifying and consulting experts and their employees.

5. In the event that documents or testimony are designated as "Highly Confidential," such information shall not be disclosed or shown to anyone other than the persons described in paragraph 4(b), 4(d), 4(e), 4(f), 4(g), 4(i), 4(j), and 4(k).

6. A person having custody of Confidential Information shall maintain it in a manner that limits access to the Confidential Information to persons permitted such access under this Order.

7. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" thus clearly identifying the category of Confidential Information for which protection is sought under the terms of this Order. Confidential Information not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

8. STC will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

9. A Party may submit a request in writing to STC which produced Confidential Information that the designation be modified or withdrawn. If STC does not agree to the redesignation within five business days, the objecting Party may apply to the Court in the District of New Mexico for relief. Upon any such application, the burden shall be on STC to show why the designation is proper. Before serving a written challenge, the objecting Party must attempt in good faith to meet and confer with STC in an effort to resolve the matter. The Court may award sanctions if it finds that a Party's position was taken without substantial justification. STC agrees to submit to the jurisdiction of the District of New Mexico for the purpose of resolving any disputes concerning this Protective Order.

10. All deposition testimony discussing the substance of Confidential Information shall be deemed and designated as Confidential or Highly Confidential on the record by the Parties or within twenty-one (21) days of receipt of the deposition transcript by written notice to counsel. The portions of the deposition transcript so designated shall not be utilized or disclosed by the Parties except in accordance with the terms of this Order.

11. If Confidential Information is to be referenced in or filed as attachments to motions or other submissions to the Court, all documents containing Confidential Information shall be so designated and filed under seal as permitted by the Court (i.e., in such a way that only the Parties and the Court can access the Confidential Information).

12. Filing, pleadings or other papers disclosing or containing Confidential Information does not waive the designated status of the material. Such Confidential Information will be filed under seal to the extent permitted by the Court and the federal rules. The Court will determine how Confidential Information will be treated during trial and other proceedings as it deems appropriate.

13. Within sixty (60) days after entry of final judgment in this action or within sixty (60) days

after dismissal pursuant to a settlement agreement, all Confidential Information and copies thereof shall be returned or certified as destroyed to counsel of record for STC.

14. Inadvertent production of Confidential Information prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

15. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If STC becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, STC will promptly notify each receiving Party in writing of the inadvertent production. When a Party receives notice of such inadvertent production, it shall return all copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. STC bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the Parties or by the Court. Notwithstanding the foregoing, a receiving Party may use the inadvertently produced information or materials to respond to a motion by STC seeking return or destruction of such information or materials. If a receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the receiving Party shall

immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for STC of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to STC, and (v) comport themselves with the applicable provisions of the Rules of Professional Conduct.

16. The foregoing is entirely without prejudice to the right of any Party, including STC, to apply to the Court for further protection relating to Confidential Information; or to object to the production of Confidential Information; or to apply to the Court for an order compelling production of Confidential Information; or for modification of this Order; or to seek any other relief from the Court.

17. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

Submitted and Approved By:

DAVIS GRAHAM & STUBBS LLP

By: *Daniel Richards*
Mark Champoux
Daniel A. Richards
1550 17th Street, Suite 500
Denver, Colorado, 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
daniel.richards@dgslaw.com

Kathryn Brack Morrow
Mann Morrow, PLLC
665 E. University Ave., Suite C

Las Cruces, NM 88005
Telephone: 575.440.0300
Facsimile: 915.271.8950
katy.morrow@mannmorrow.com
*Attorneys for Plaintiff Ascent Energy, LLC*


HINKLE SHANOR LLP

By: *Ann Cox Tripp*
Richard E. Olson
Ann Cox Tripp
P.O. Box 10
Roswell, NM 88202-0010
Telephone: 575-622-6510
Facsimile: 575-623-9332
rolson@hinklelawfirm.com
atripp@hinklelawfirm.com
*Attorneys for Defendant Reach Wireline, LLC*


WINSTON & STRAWN LLP

By: *Rachael E. Thompson*
Hugh E. Tanner
Rachael E. Thompson
800 Capitol St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2616
Facsimile: (713) 651-2700
HTanner@winston.com
RThompson@winston.com
*Attorneys for Schlumberger Technology Corporation*